BOYD B. KING AND HAZEL L. KING, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
King v. Commissioner
Docket No. 18349-89
United States Tax Court
T.C. Memo 1990-548; 1990 Tax Ct. Memo LEXIS 602; 60 T.C.M. (CCH) 1048; T.C.M. (RIA) 90548; October 22, 1990, Filed *602 Decision will be entered for the respondent. Petitioner elected to deduct part of the cost of a bulldozer used on his farm under section 179. He now seeks to substitute other farm equipment without first obtaining the Commissioner's consent. Held, under section 179, the substitution of one item of equipment for another requires the Commissioner's consent. Held, further, petitioner is not entitled to an investment tax credit on that portion of the bulldozer he deducted under section 179. Boyd B. King, pro se. Anthony S. Gasaway, for the respondent. PATE, Special Trial Judge. PATE
MEMORANDUM FINDINGS OF FACT AND OPINION This case was heard pursuant to the provisions of section 7443A(b)(3) of the Code and Rules 180, 181 and 182. [1]
Respondent determined a deficiency of $ 742.22 in petitioners' 1986 Federal income tax. The issues for our decision are whether petitioners may revoke their election to expense certain farm equipment and substitute other farm equipment in its stead, and whether petitioners are *605 entitled to an investment tax credit on such farm equipment in excess of the amount allowed by respondent. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulation of facts and the attached exhibits are incorporated herein by this reference. Boyd B. King (hereinafter "petitioner") and Hazel L. King are husband and wife and filed a joint return for 1986. They resided in St. Louis, Missouri, at the time they filed their petition. During the year in issue, petitioner worked full time for American Can Company, earning approximately $ 39,000. Mrs. King worked for RBS Industries, Inc., and earned approximately $ 3,000. In addition, petitioner owned a hay farming operation. He reported the results therefrom on Schedule F (Farm Income and Expenses) on a cash basis. For 1986, he reported $ 1,379 in income and $ 23,626.72 of deductions, resulting in a net loss of $ 22,247.72. In connection with this farm, petitioner contracted to purchase a bulldozer for $ 10,000 in 1985, but did not start using it until 1986. On his 1986 income tax return, petitioner deducted one-half of the cost of the bulldozer ($ 5,000) under section 179; he depreciated the other half. *606 He also claimed an investment tax credit of $ 500 on the depreciable half, as well as $ 982 of investment tax credit on other farm equipment purchased during 1986. In the notice of deficiency, respondent reduced petitioner's investment tax credit by $ 982, on the grounds that the investment tax credit had been repealed for property purchased in 1986. He allowed the $ 500 claimed on half of the bulldozer, however, because it qualified under the transitional rules, having been contracted for in 1985. He also allowed additional depreciation of $ 1,495 on equipment petitioners inadvertently omitted from their return. Petitioner does not dispute any of the determinations that respondent made in the notice of deficiency. However, he now seeks to "withdraw" the bulldozer ($ 5,000) from his section 179 election and substitute $ 5,000 worth of tools and equipment. He wishes to do this so that the entire cost of the bulldozer will qualify for the investment tax credit, thereby increasing the credit from $ 500 to $ 1,000. Respondent opposes such changes. OPINION In general, section 179(a) allows a taxpayer to deduct, rather than depreciate, the cost of "section 179 property" placed *607 in service during the year. Sec. 179(a). "Section 179 property" is defined as any "recovery property" which is "section 38 property" and which is purchased for use in the active conduct of a trade or business. Sec. 179(d)(1). In 1986, the amount of the deduction was limited to $ 5,000. Sec. 179(b). However, to the extent property is deducted under section 179, it does not qualify for the investment tax credit. Sec. 179(d)(9). Therefore, a taxpayer must reduce the basis of his section 38 property by the amount he deducted under section 179 to compute his investment tax credit. To obtain the benefits of section 179, section 179(a) and (c)(1) requires the taxpayer to make an election. Section 1.179-4(a), Income Tax Regs., allows the taxpayer to make the election: on the taxpayer's first income tax return for the taxable year to which the election applies (whether or not the return is timely) or on an amended return filed within the time prescribed by law (including extensions) for filing the return for such taxable year. * * * That regulation also specifies the manner in which the election must be made. In this regard, it states: The *608 election shall be made by showing as a separate item on the taxpayer's income tax return the following items: (1) The total section 179 expense deduction claimed with respect to all section 179 property selected; and (2) The portion of that deduction allocable to each specific item. The person shall maintain records which permit specific identification of each piece of section 179 property and reflect how and from whom such property was acquired and when such property was placed in service. The election to claim a section 179 expense deduction under this section, with respect to any property, is irrevocable and will be binding on the taxpayer with respect to such property for the taxable year for which the election is made and for all subsequent taxable years, unless the Commissioner consents to the revocation of the election. Similarly, the selection of section 179 property by the taxpayer to be subject to the expense deduction and apportionment scheme must be adhered to in computing the taxpayer's taxable income for the taxable year for which the election is made and for all subsequent taxable years, unless consent to change is given by the Commissioner. Moreover, once *609 made, the election and "any specification contained in any such election" may not be revoked except with the consent of the Commissioner. Sec. 179(c)(2). The method for obtaining such consent is set forth in section 1.179-4(b), Income Tax Regs., as follows: Any election made under section 179, and any specification contained in such election, may not be revoked except with the consent of the Commissioner. Such consent will be granted only in extraordinary circumstances. Requests for consent must be filed with the Commissioner of Internal Revenue, Washington, D.C. 20224. The request must include the name, address, and taxpayer identification number of the taxpayer and must be signed by the taxpayer or his duly authorized representative. It must be accompanied by a statement showing the year and property involved, and must set forth in detail the reasons for the request. [Emphasis added.] Petitioner contends that he may "amend" his original election to withdraw the section 179 expense deduction of one-half of the cost of the bulldozer, and substitute therefore certain farm tools and equipment, citing section 1.179-4(a), Income Tax Regs. *610 , in support thereof. He claims that such a maneuver would not revoke his section 179 election or alter the amount thereof. Respondent, however, maintains that such a substitution constitutes a revocation under section 179(c)(2) and section 1.179-4(b), Income Tax Regs.
Petitioner's argument that he can substitute equipment without revoking his election fails. The regulations require that the election be made by "showing as a separate item" on the return "all section 179 property selected." When petitioner filed his 1986 income tax return, he listed the bulldozer as required. The regulations further require that the property selected "must be adhered to * * * for all subsequent taxable years, unless consent to change is given by the Commissioner." Section 1.179-4(a), Income Tax Regs. Petitioner failed to apply for and obtain such consent. We interpret these regulations to require that the election be made as to specified items of property, that the specification thereof be adhered to for subsequent years, and that the Commissioner's consent be obtained to change from one specified item to another. Since petitioner never obtained *611 the Commissioner's consent, he must abide by his original specification. It follows, then, that pursuant to section 179(d)(9), petitioner is not entitled to an investment tax credit on that portion of the bulldozer he expensed under section 179(a). Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the year in issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩